UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HERBERT HUGH HERON,

    Plaintiff,

vs.                                              CASE NO. 3:11-cv-440-J-34TEM

JOSEPH T. GRANCHELLI,
DAIMON GETTY, INC.,
MARIA DEL RIO, and FRED DEL RIO,

    Defendants.
_____

**REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's [Amended] Affidavit of Indigency (Doc. #10, Amended Affidavit), which the Court construes as a motion to proceed *in forma pauperis*, and the Amended Complaint (Doc. #9).[2] Upon review of the documents Plaintiff initially filed, the Court noted deficiencies in the original Complaint (Doc. #1), and the original Affidavit of Indigency (Doc. #2), which it then afforded Plaintiff an opportunity to correct (*see* Doc. #5, Court Order). Plaintiff, who is proceeding *pro se*, subsequently sought leave to amend or alter a judgment (Doc. #6), which the Court construed as a motion for enlargement of time. An enlargement to comply with the Court's earlier order for Plaintiff to file the amended complaint and the amended affidavit of indigency was

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] Plaintiff filed what the Court has construed as the "Amended Complaint" on a Civil Rights Complaint Form, DC 225 (Rev. 9/03).

granted through September 15, 2011 (*see* Doc. #7, Court Order). The Amended Complaint and Amended Affidavit of Indigency were timely filed on September 1, 2011. For the following reasons, the Court finds that this second construed motion to proceed *in forma pauperis* (Doc. #10) is due to be denied and Plaintiff's Amended Complaint (Doc. #9) is subject to dismissal.

Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs concomitant with a lawsuit. The Court's decision to grant *in forma pauperis* status is discretionary, *Pace v. Evans*, 709 F.2d 1428 (11th Cir. 1983), and should be "bestowed only upon those who are truly indigent." *Antonelli v. Bureau of Alcohol, Tobacco and Firearms*, No. 85 C 0005, 1985 WL 1613, *1 (N.D. Ill. May 28, 1985). Further, as recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, the Court is empowered with the discretion to dismiss the action, *sua sponte*, if it is frivolous or malicious. *See id.* The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In this instance, Plaintiff is an incarcerated individual who is proceeding in this litigation without legal counsel. In an abundance of caution, the Court permitted Plaintiff the opportunity to submit a fully completed affidavit of indigency, along with the required statement of Plaintiff's prisoner trust account (*see* Doc. #5). Under 28 U.S.C. § 1915(a)(2), courts may permit a prisoner litigant to proceed *in forma pauperis* if the litigant avers in an

affidavit that he or she is unable to bear the fees and costs of with a lawsuit and provides the documentation specified in the statute. Specifically, the statute provides in pertinent part:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). The statute further provides methods to determine the appropriate amount of the initial partial filing fee where an inmate files an action *in forma pauperis* and further requires the inmate to make monthly payments thereafter to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1)-(2). These filing fee provisions are as follows:

> [I]f a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee. The Court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial filing fee of twenty (20) percent of the greater of:
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of twenty (20) percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. §1915(b)(1)-(2).

Although Plaintiff filed the Amended Affidavit of Indigency (Doc. #10), he once again failed to submit the required statement of his prisoner trust account. Therefore, the Court remains unable to determine whether Plaintiff may proceed *in forma pauperis* on the basis

3

of his financial status. In addition, without a copy of Plaintiff's prisoner account transactions, the Court is unable to ascertain what amount under the statute Plaintiff should pay to commence this action.

Because the courts are directed to construe *pro se* complaints more liberally than formal pleadings drafted by lawyers, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980), the Court afforded Plaintiff an opportunity to amend the original Complaint (Doc. #1) to state a cause of action cognizable in federal court. The Eleventh Circuit has found that courts should permit a *pro se* litigant who is seeking *in forma pauperis* status the opportunity to amend a deficient complaint before dismissing pursuant to § 1915 for failure to state a claim. *Troville v. Venz*, 303 F.3d 1256, 1260, n. 5 (11th Cir. 2002). The Court provided Plaintiff with specific directions concerning a properly amended complaint. In response, Plaintiff filed the Civil Rights Complaint Form dated August 29, 2011 (Doc. #9), that the Court has construed as the Amended Complaint. A review of the Amended Complaint reveals Plaintiff has failed to state a federal claim.

Plaintiff has not stated, and the Court is unable to ascertain, a basis for federal jurisdiction over Plaintiff's Amended Complaint. If Plaintiff is attempting to bring suit pursuant to the Court's diversity jurisdiction, he has failed to allege complete diversity among the parties and has not stated an amount in controversy adequate to invoke the Court's jurisdiction. *See* 28 U.S.C. § 1332. If Plaintiff is attempting to bring suit under the Court's federal question jurisdiction, he has failed to state an action arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331.

The entirety of the Amended Complaint rests on Plaintiff's allegations of breach of contract by Defendants. Federal courts are courts of limited jurisdiction. A breach of

contact case against private individuals may be brought in federal court only pursuant to the Court's diversity jurisdiction.[3]  Plaintiff cannot maintain this suit in federal court, however, as the parties are required to be completely diverse and the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332(a)(1); *also see Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal")*; University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) ("all plaintiffs must be diverse from all defendants").  Here, the named Defendants, Maria Del Rio and Fredy Del Rio, like Plaintiff, are residents of Florida.  Accordingly, there is no diversity jurisdiction.[4]

To the extent Plaintiff may be seeking to re-litigate the judgment of a state court, this action must also fail.  Among the papers filed with the Amended Complaint is a document entitled "Case Details - Summary" for the state action of *Canterbury Estate Homes, Inc. v. Del Rio*, Case No. 2008 CC 000356 (noting the case closed on October 15, 2010) (Doc. #9 at 12).  Federal district courts lack subject matter jurisdiction over actions seeking to

---

[3]It would appear from the caption of the Amended Complaint and the content of pages six through twenty that Plaintiff now seeks to sue only Maria Del Rio and Fredy Del Rio in this litigation (*compare* Doc. #9, Amended Complaint *with* Doc. #1, Complaint). Somewhat confusingly, however, the final page of the Amended Complaint reflects a statement of facts that pertains to all of the original Defendants (*see* Doc. #9 at 21).  Upon consideration, the Court finds its recommendation for dismissal of this case would stand irrespective of whether Mr. Joseph Granchelli and Diamon Getty Inc. remain Defendants. Plaintiff's claims for various breaches of contract must fail in federal court due to the lack of diversity among the parties.  *See, e.g., University of South Alabama v. American Tobacco Co.*, 168 F.3d at 412 (stating all defendants must be diverse from all plaintiffs).

[4]Furthermore, the amount in controversy appears to be $13,618.34, with a prayer for additional relief of damages totaling $60,000.  Thus, the amount in controversy falls short of the required $75,000.  28 U.S.C. § 1332(a).

appeal and reverse a state court decision.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Under the Rooker-Feldman doctrine, "[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision."  *Harper v. Chase Manhattan Bank*, 138 Fed. Appx. 130, 132 (11th Cir. 2005) (quoting *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997)).

In reviewing the Amended Complaint, the undersigned applied "the liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998).  However, liberal construction cannot serve as a substitute for establishing a cause of action.  *See GJR Investments, Inc. v. County of Escambia Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).  The Court finds Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

The undersigned therefore respectfully **recommends *in forma pauperis* status be DENIED and this action be DISMISSED**.

**DONE AND ENTERED** at Jacksonville, Florida this 21st day of November, 2011.

*[signature: Thomas E. Morris]*

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
The Hon. Marcia Morales Howard
*Pro Se* Plaintiff